```
NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VICTORIA A. DEGTYAREVA (Cal. Bar No. 284199)
Assistant United States Attorney
International Narcotics, Money Laundering,
and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7635
     Facsimile: (213) 894-0142
     E-mail:    victoria.degtyareva@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
2019 MAY -3 PM 3:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-CR00275 ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| TENNY GUON LIM, <br> aka "The Goat," <br> aka "Max Power," <br> aka "Wild," <br> aka "Bruce," <br> aka "Phil," | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

☐ a. present offense committed while defendant was on release pending (felony trial),

    ☐  b.    defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

    ☐  c.    defendant may flee; or

    ☐  d.    pose a danger to another or the community.

☒  2.  Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

    ☒  a.    the appearance of the defendant as required;

    ☒  b.    safety of any other person and the community.

☐  3.  Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

    ☐  a.    defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

    ☐  b.    defendant cannot establish by clear and convincing evidence that he/she will not flee.

☒  4.  Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

    ☒  a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ☐  b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☒ b. an offense for which maximum sentence is life imprisonment or death;

☒ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under

|   |   |   |   |
|---|---|---|---|
| | | | state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| | ☒ | f. | serious risk defendant will flee; |
| | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. | | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//

4

1  ☐  7.   Good cause for continuance in excess of three days exists in
2          that:
3
4  _____
5  _____
6  _____
7  _____
8  Dated: May 3, 2019              Respectfully submitted,
9                                  NICOLA T. HANNA
                                   United States Attorney
10
                                   LAWRENCE S. MIDDLETON
11                                 Assistant United States Attorney
                                   Chief, Criminal Division
12
13                                 /s/ Victoria Degtyareva
                                   _____
                                   VICTORIA A. DEGTYAREVA
14                                 Assistant United States Attorney
15                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
16
17
18
19
20
21
22
23
24
25
26
27
28

                                   5