NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
VICTORIA A. DEGTYAREVA (Cal. Bar No. 284199)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2428
    Facsimile: (213) 894-0142
    E-mail:   victoria.degtyareva@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-275-ODW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| TENNY GUON LIM, et al., | |
| Defendants. | **CURRENT TRIAL DATES:** May 19, 2020 **PROPOSED TRIAL DATE:** February 9, 2021 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Victoria A. Degtyareva, and defendants JUMSHER SINGH SAROYA ("SAROYA"), both individually and by and through his counsel of record, Stanley I. Greenberg; MICHAEL ALAN SHEPHERD ("SHEPHERD"), by and through his counsel of record, Ian Wallach;  TYE MCNABB ("MCNABB"), both individually and by and through his counsel of record, Anthony Eaglin; DAVID BRUNO JONER ("JONER"), both individually and by and

through his counsel of record, Richard W. Raynor; AMY KIM HARTLMUELLER-TORRES ("HARTLMUELLER-TORRES"), both individually and by and through his counsel of record, James R. Tedford, II; and DENNY VUONG ("VUONG"), both individually and by and through his counsel of record, Jerome J. Haig, hereby stipulate as follows:

1.    The Indictment in this case was made public on September 5, 2019.  Defendant VUONG first appeared before a judicial officer of the court in which the charges in this case were pending on September 5, 2019.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 14, 2019.  Defendants MCNABB, JONER, and JEFF ALLYN WALKER ("WALKER") first appeared before a judicial officer of the court in which the charges in this case were pending on September 20, 2019.[1]  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 29, 2019.  Defendant HARTLMUELLER-TORRES first appeared before a judicial officer of the court in which the charges in this case were pending on September 27, 2019.[2]  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 6, 2019.  Defendant SHEPHERD first appeared before a judicial officer of the court in which the charges in this case were pending on October 4, 2019.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 13, 2019.  Defendant SAROYA first appeared before a judicial officer of the court in which the charges in this case were pending on October

---

[1] Defendants MCNABB, JONER, and WALKER had previously appeared in the Western District of Washington on this matter on September 5, 2019, and were ordered removed to this district.

[2] Defendant HARTLMUELLER-TORRES had previously appeared in the Western District of Washington on this matter on September 9, 2019, and was ordered removed to this district.

28, 2019.   The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 6, 2020.   The remaining nine defendants have not yet made their initial appearances in this district.

2.   On September 5, 2019, the Court set a trial date of October 29, 2019 as to defendant VUONG.   On September 20, 2019, the Court set a trial date of November 12, 2019 as to defendants MCNABB, JONER, and WALKER.   On September 27, 2019, the Court set a trial date of November 19, 2019 as to defendant HARTLMUELLER-TORRES.   On October 4, 2019, the Court set a trial date of November 26, 2019 as to defendant SHEPHERD.   On October 28, 2019, the Court set a trial date of December 17, 2019 for defendant SAROYA.

3.   Defendants SAROYA, VUONG, MCNABB, JONER, and HARTLMUELLER-TORRES are released on bond pending trial.   Defendants SHEPHERD and WALKER are detained pending trial.   The parties estimate that the trial in this matter will last approximately seven to ten days.   All defendants are joined for trial and a severance has not been granted.

4.   By this stipulation, defendants SAROYA, SHEPHERD, MCNABB, JONER, HARTLMUELLER-TORRES, and VUONG ("defendants") move to continue the trial date to February 9, 2021.   This is the second request for a continuance.

5.   Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   All defendants in the Indictment are charged with a violation of 21 U.S.C. § 846: Conspiracy to Distribute, and to Possess with Intent to Distribute, Controlled Substances.   Defendants SAROYA, SHEPHERD, MCNABB, JONER, WALKER, and HARTLMUELLER-TORRES are

also charged with a violation of 21 U.S.C. § 963: Conspiracy to
Import and Export Controlled Substances.  The government has produced
over 6,000 pages of discovery to the defense, including audio and
video recordings, investigative reports, search warrant affidavits,
and text messages.

      b.   Due to the nature of the prosecution and the number of
defendants, including the charges in the indictment and the
voluminous discovery produced to defendants, this case is so unusual
and so complex that it is unreasonable to expect adequate preparation
for pretrial proceedings or for the trial itself within the Speedy
Trial Act time limits.

      c.   Counsel for defendants represent that they have
various substantive obligations between now and February 9, 2021,
which necessitate the continuance of the trial to February 9, 2021.
The list of obligations for some of the defense counsel is attached
hereto as Appendix A and is incorporated as if fully set forth
herein.  Accordingly, counsel represent that they will not have the
time that they believe is necessary to prepare to try this case on
the current trial date.

      d.   In light of the foregoing, counsel for defendants also
represent that additional time is necessary to confer with
defendants, conduct and complete an independent investigation of the
case, conduct and complete additional legal research including for
potential pre-trial motions, review the discovery and potential
evidence in the case, and prepare for trial in the event that a
pretrial resolution does not occur.  Defense counsel represent that
failure to grant the continuance would deny them reasonable time

1    necessary for effective preparation, taking into account the exercise

2    of due diligence.

3         e.   Defendants believe that failure to grant the

4    continuance will deny them continuity of counsel and adequate

5    representation.

6         f.   The government does not object to the continuance.

7         g.   The requested continuance is not based on congestion

8    of the Court's calendar, lack of diligent preparation on the part of

9    the attorney for the government or the defense, or failure on the

10   part of the attorney for the Government to obtain available

11   witnesses.

12        6.   For purposes of computing the date under the Speedy Trial

13   Act by which defendants' trial must commence, the parties agree that

14   the time period of May 19, 2020 to February 9, 2021, inclusive,

15   should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

16   (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay

17   results from a continuance granted by the Court at defendants'

18   request, without government objection, on the basis of the Court's

19   finding that: (i) the ends of justice served by the continuance

20   outweigh the best interest of the public and defendant in a speedy

21   trial; (ii) failure to grant the continuance would be likely to make

22   a continuation of the proceeding impossible, or result in a

23   miscarriage of justice; (iii) the case is so unusual and so complex,

24   due to the nature of the prosecution and the number of defendants,

25   that it is unreasonable to expect preparation for pre-trial

26   proceedings or for the trial itself within the time limits

27   established by the Speedy Trial Act; and (iv) failure to grant the

28   continuance would unreasonably deny defendants continuity of counsel

and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   In addition, the parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of May 19, 2020 to February 9, 2021 constitutes a reasonable period of delay for defendant WALKER, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

8.   The parties further agree that the time between May 19, 2020 and February 9, 2021 should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), for the following reasons:

   a.   On March 13, 2020, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02 (March 13, 2020). The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03 (March 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020).

   b.   These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of

1    exposure to the virus and slowing the spread of the disease.   <u>See</u>

2    General Order 20-02, at 1.

3         c.    On March 19, 2020, both Los Angeles Mayor Eric

4    Garcetti and California Governor Gavin Newsom issued emergency orders

5    requiring residents to "stay home," subject to limited exceptions.

6    California Executive Order N-33-20 (March 19, 2020); <u>accord</u> Safer at

7    Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1

8    (March 19, 2020).   Subject to similarly limited exceptions, all

9    travel is prohibited.   Safer At Home ¶ 4.   Non-essential businesses

10   requiring in-person attendance by workers have been ordered to cease

11   operations.   <u>Id.</u> ¶ 2.   All schools in the Los Angeles Unified School

12   District are closed through at least May 2020.

13        d.    As General Order 20-02 reflects, the ends of justice

14   amply justify excludable time here.   Pandemic, like natural disaster

15   or other emergency, grants this Court the discretion to order an

16   ends-of-justice continuance.   <u>See</u> <u>Furlow v. United States</u>, 644 F.2d

17   764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after

18   eruption of Mt. St Helena); <u>accord</u> <u>United States v. Stallings</u>, 701

19   Fed. Appx. 161, 170-71 (3d Cir. 2017) (prosecutor had "family

20   emergency"); <u>United States v. Hale</u>, 685 F.3d 522, 533-36 (5th Cir.

21   2012) (case agent had "catastrophic family medical emergency");

22   <u>United States v. Scott</u>, 245 Fed. Appx. 391, 394 (5th Cir. 2007)

23   (Hurricane Katrina); <u>United States v. Richman</u>, 600 F.2d 286, 292,

24   293-94 (1st Cir. 1979) (a "paralyzing blizzard"; informant also

25   hospitalized).

26        e.    Here, failure to continue this case will likely make

27   its completion impossible due to public-health risks and concerns.

28   As both the California governor and Los Angeles mayor have

1    recognized, we are in the midst of a grave public-health emergency

2    requiring people to take extreme measures to limit contact with one

3    another.   In addition, due to the restrictions imposed by current

4    public-health concerns -- particularly given the complexity of this

5    case -- it is also unreasonable to expect adequate preparation for

6    pretrial proceedings or for the trial itself within Speedy Trial Act

7    time limits.   Under these unusual and emergent circumstances, denial

8    of a continuance is likely to deny all counsel reasonable time

9    necessary for effective preparation, taking into account the exercise

10   of due diligence.

11        9.    Nothing in this stipulation shall preclude a finding that

12   other provisions of the Speedy Trial Act dictate that additional time

13   periods be excluded from the period within which trial must commence.

14   Moreover, the same provisions and/or other provisions of the Speedy

15   Trial Act may in the future authorize the exclusion of additional

16   time periods from the period within which trial must commence.

17        IT IS SO STIPULATED.

18   Dated: April 16, 2020              Respectfully submitted,

19                                      NICOLA T. HANNA
                                        United States Attorney
20
                                        CHRISTOPHER D. GRIGG
21                                      Assistant United States Attorney
                                        Chief, National Security Division
22

23                                            /s/
                                        _____
24                                      VICTORIA A. DEGTYAREVA
                                        Assistant United States Attorney
25
                                        Attorneys for Plaintiff
26                                      UNITED STATES OF AMERICA

27

28

                                        8

1      I am JUMSHER SINGH SAROYA's attorney. I have carefully

2  discussed every part of this stipulation and the continuance of the

3  trial date with my client. I have fully informed my client of his

4  Speedy Trial rights. To my knowledge, my client understands those

5  rights and agrees to waive them. I believe that my client's decision

6  to give up the right to be brought to trial earlier than February 9,

7  2021 is an informed and voluntary one.

8  _____  _____

9  STANLEY I. GREENBERG  Date
   Attorney for Defendant

10  JUMSHER SINGH SAROYA

11

12      I have read this stipulation and have carefully discussed it

13  with my attorney. I understand my Speedy Trial rights. I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than February 9, 2021. I

16  understand that I will be ordered to appear in Courtroom 5D of the

17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18  February 9, 2021 at 9:00 a.m.

19  _____  _____

20  JUMSHER SINGH SAROYA  Date 03/20/20
   Defendant

21

22

23

24

25

26

27

28

1    I am MICHAEL ALAN SHEPHERD's attorney.  I have carefully

2   discussed every part of this stipulation and the continuance of the

3   trial date with my client. I have fully informed my client of his

4   Speedy Trial rights.  To my knowledge, my client understands those

5   rights and agrees to waive them.  I believe that my client's decision

6   to give up the right to be brought to trial earlier than February 9,

7   2021 is an informed and voluntary one.

8   _____                    03/21/2020
                                             ____ _____
9   IAN WALLACH                                   Date
    Attorney for Defendant
10  MICHAEL ALAN SHEPHERD

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       I am TYE MCNABB's attorney.  I have carefully discussed every

2   part of this stipulation and the continuance of the trial date with

3   my client. I have fully informed my client of his Speedy Trial

4   rights.  To my knowledge, my client understands those rights and

5   agrees to waive them.  I believe that my client's decision to give up

6   the right to be brought to trial earlier than February 9, 2021 is an

7   informed and voluntary one.

8

                                                       3-31-20

9   ANTHONY EAGLIN                      Date
    Attorney for Defendant

10  TYE MCNABB

11

12      I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than February 9, 2021.  I

16  understand that I will be ordered to appear in Courtroom 5D of the

17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18  February 9, 2021 at 9:00 a.m.

19                                     3-31-20

20  TYE MCNABB                       Date
    Defendant

21

22

23

24

25

26

27

28

1        I am DAVID BRUNO JONER's attorney.  I have carefully discussed

2   every part of this stipulation and the continuance of the trial date

3   with my client. I have fully informed my client of his Speedy Trial

4   rights.  To my knowledge, my client understands those rights and

5   agrees to waive them.  I believe that my client's decision to give up

6   the right to be brought to trial earlier than February 9, 2021 is an

7   informed and voluntary one.

8   _____        March 19, 2020

9   RICHARD W. RAYNOR                       Date
    Attorney for Defendant

10  DAVID BRUNO JONER

11

12       I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than February 9, 2021.  I

16  understand that I will be ordered to appear in Courtroom 5D of the

17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18  February 9, 2021 at 9:00 a.m.

19  _____        March 19, 2020
    David Joner (Mar 19, 2020)

20  DAVID BRUNO JONER                       Date
    Defendant

21

22

23

24

25

26

27

28

1    I am AMY KIM HARTLMUELLER-TORRES's attorney.  I have carefully

2 discussed every part of this stipulation and the continuance of the

3 trial date with my client. I have fully informed my client of her

4 Speedy Trial rights.  To my knowledge, my client understands those

5 rights and agrees to waive them.  I believe that my client's decision

6 to give up the right to be brought to trial earlier than February 9,

7 2021 is an informed and voluntary one.

8

                                                    3/25/20
9 JAMES R. TEDFORD, II                         Date
   Attorney for Defendant
10 AMY KIM HARTLMUELLER-TORRES

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than February 9, 2021.  I

16 understand that I will be ordered to appear in Courtroom 5D of the

17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18 February 9, 2021 at 9:00 a.m.

19

                                                    3/23/2020
20 AMY KIM HARTLMUELLER-TORRES              Date
   Defendant

21

22

23

24

25

26

27

28

1    I am DENNY VUONG's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than February 9, 2021 is an

7  informed and voluntary one.

8  _____          March 19, 2020
                                           _____
9  JEROME J. HAIG                          Date
   Attorney for Defendant
10 DENNY VUONG

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than February 9, 2021.  I

16 understand that I will be ordered to appear in Courtroom 5D of the

17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

18 February 9, 2021 at 9:00 a.m.

19 *Denny vuong*                            Mar 23, 2020
   Denny vuong (Mar 23, 2020)              _____
20 DENNY VUONG                             Date
   Defendant

21

22

23

24

25

26

27

28

Appendix A:  List of Attorney Obligations

Counsel for defendant SHEPHERD, Ian Wallach, represents that he has the following obligations:

    i.   <u>Kevin Lee Francois v. Officer Troy Zeeman et al.</u>, 12-cv-00988-GW-PJW, a civil rights trial set for July 14, 2020 and expected to last approximately three days

    ii.  <u>United States v. Jose Landa-Rodriguez, et al.</u>, 2:18-cr-00173, a RICO trial set for October 20, 2020 and expected to last approximately 60 and 90 days

    iii. <u>United States v. Ricardo Alejandro Bazan, et al.</u>, 5:20-cr-00019-CJC, a drug trial set for January 5, 2021 and expected to last approximately twelve days

Counsel for defendant HARTLMUELLER-TORRES (Defendant #14), James R. Tedford, II, represents that he has the following obligations:

    i.   <u>United States v. Cervantes</u>, 19-CR-715-VAP, a trial set for June 2, 2020 and expected to last approximately 3 days

    ii.  <u>Tisby v. Pouldar, Exxon</u>, BC711514, a trial set for June 23, 2020 and expected to last approximately 5 days

    iii. <u>United States v. Garcia</u>, 19-cr-00445-CJC-1, a fraud trial set for July 7, 2020 and expected to last approximately 5 days

    iv.  <u>United States v. Lopez</u>, 20-CR-00016-TJH, a trial set for July 28, 2020 and expected to last approximately 2 days

    v.   <u>Jacqueline Westerhout v. Steven Green</u>, 37-2019-00029065-CU-PA-CTL, a trial set for September 11, 2020 and expected to last approximately 7 days

    vi.  <u>People v. Shen</u>, C1775180, a murder trial set for September 21, 2020 and expected to last approximately 60 days

    vii. <u>United States v. Guzman</u>, 19-CR-00117, a death penalty trial set for October 6, 2020 and expected to last approximately 20 days

    viii. <u>Dinorah Aguilar v. Kilty</u>, 15-cv-00703-JGB-SP, a trial set for October 13, 2020 and expected to last approximately 20 days

    ix.  <u>United States v. Perez</u>, 17-CR- 314-JAK, a manufacturing firearms trial set for October 20, 2020 and expected to last approximately 7 days

Counsel for defendant VUONG (Defendant #16), Jerome J. Haig, represents that he has the following obligations:

    i.    <u>People v. Edgar Espinoza</u>, NA104747, 3-week special circumstances murder trial, beginning on 7/24/20

   ii.    <u>United States v. Vlha</u>, CR 19-343-GW, 1 week gun sales trial, beginning on 8/25/20

  iii.    <u>United States v. Iro</u>, CR 19-380-MWF, 2-month fraud and money laundering trial, likely to be continued to 12/1/20

   iv.    <u>People v. Barry Williams</u>, Case No. A623377, 3-month death penalty trial, set for 5/20/20

    v.    <u>United States v. Hakhazaryan</u>, CR 19-287-DMG-8; 4-week ID theft case, set for trial on 7/21/20

   vi.    <u>United States v. Martinez</u>, CR 19-117(B)-ODW-18, capital case with 3-month estimate, set for trial on 10/6/20

  vii.    <u>People v. Romo</u>, Case No. BA475969, death penalty case, tentatively set for trial in July, 2020 (likely to be continued)

2